UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MICHAEL KEITH MOORE, | No. 2:15-cv-0475 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| SLADE WHITE, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

    In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

    Plaintiff alleges that, despite having received a diploma over twenty years ago, he was assigned to a GED class at California Medical Facility based on falsified documents.  He asserts

1  that this arrangement allowed the prison to receive certain funds, and that prison officials covered
2  up the falsification.  As a result, plaintiff was removed from his job assignment as a porter.  In an
3  administrative appeal, he sought to be reassigned to his job.  Plaintiff's appeal was partially
4  granted, in that he was removed from the GED class and put on the wait list for available jobs.
5  He could not be placed in his previous job, as the position had been filled by another inmate.
6        Plaintiff seeks the following relief: "Accomm[o]date the Plaintiff for illegally using his
7  Social Security No. for 6 months counting me as a student in the sum of 200,000 dollars." (ECF
8  No. 1 at 3.)
9        The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

13  42 U.S.C. § 1983.
14        Inmates have no constitutional right to work. Baumann v. Arizona Dept. of Corrections,
15  754 F.2d 841, 845 (9th Cir. 1985).  It is well established that a prisoner's expectation of keeping a
16  specific prison job, or any job, does not implicate a property or liberty interest under the
17  Fourteenth Amendment. James v. Quinlan, 866 F.2d 627, 630 (3rd Cir.), cert denied, 493 U.S.
18  870 (1989). See also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (no constitutional
19  right to continuation in work release program).
20        Since plaintiff does not have a constitutional right to a particular job, he is not entitled to
21  due process procedural protections prior to being deprived of his work.  Nor is he constitutionally
22  entitled to compensation for being placed in an unnecessary GED program.  Insofar as prison
23  officials violated state regulations governing prisoner classification, that is an issue of state law,
24  not cognizable in federal habeas proceedings.  Thus petitioner's claims should be dismissed.
25        Under Ninth Circuit case law, district courts are only required to grant leave to amend if a
26  complaint can possibly be saved.  Courts are not required to grant leave to amend "if a complaint
27  lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also Smith v.
28  Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) ("a district court

1  should grant leave to amend even if no request to amend the pleading was made, unless it
2  determines that the pleading could not be cured by the allegation of other facts.")  As additional
3  factual allegations cannot cure plaintiff's claim, the undersigned will recommend that this action
4  be dismissed.  See, e.g., Trotter v. Haws, 2011 WL 776107, *1 (C.D. Cal. 2011) (amendment of
5  prisoner's job loss claim would be futile); Larson v. Patton, 2007 WL 2581688, *2 (E.D. Cal.
6  2007) (dismissing prisoner's job loss claim without leave to amend).

7       In accordance with the above, IT IS HEREBY ORDERED that:

8       1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

9       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
10  shall be collected and paid in accordance with this court's order to the Director of the California
11  Department of Corrections and Rehabilitation filed concurrently herewith.

12      3. The Clerk of Court is directed to assign a district judge to this action.

13      IT IS HEREBY RECOMMENDED THAT this action be dismissed for failure to state a
14  claim.

15      These findings and recommendations are submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17  after being served with these findings and recommendations, plaintiff may file written objections
18  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
19  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
20  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
21  (9th Cir. 1991).

22  Dated: March 23, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

28  2 / moor0475.14.new